UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff(s),        CASE NUMBER:  99-20018
                                        CIVIL NUMBER: 07-13640
                                        HONORABLE VICTORIA A. ROBERTS

v.

VICTORIA SWAIN,

        Defendant(s).
_____/

**ORDER**

This matter is before the Court on Defendant Victoria Swain's Motion for Correction to Sentence, presumably pursuant to 28 U.S.C. §2255. On September 19, 2000, Defendant pled guilty to three counts of possession with intent to distribute cocaine. At sentencing on March 13, 2001, Defendant stipulated to: 1) a base offense level of 32; 2) a 2-point enhancement for possession of a weapon; and 3) a 3-point reduction for acceptance of responsibility. The Government agreed that Defendant's offense level should not be enhanced an additional 2 points under U.S.S.G. §3B1.1(c) for her aggravating role in the offense as an "organizer, leader, manager, or supervisor," as recommended by the probation department. With a final offense level of 31 and criminal history category of I, Defendant's Guideline sentencing range was 108 to 135 months. The Court imposed a sentence of 108 months.

Defendant now contends that she should have received a 3-point mitigating role adjustment under U.S.S.G. §3B1.2. With that adjustment, Defendant asserts that she

1

would have been entitled to have her base offense level capped at 30, pursuant to an amendment of §3B1.2 which became effective on November 1, 2002.  According to Defendant, her Guideline range should have been 97 to 121 months based on offense level 30 and criminal history category I.  Notably, if Defendant's assertion was correct, her final offense level after the aforementioned adjustments would actually be 29, and her Guideline range would be 87 to 108 months.  But, Defendant's petition fails on at least two grounds.

First, Defendant's motion is untimely.  Section 2255 has a one-year statute of limitations, which requires that a motion to correct a sentence be filed within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.  Defendant's judgment of conviction was entered on March 13, 2001 and her last appeal challenging that sentence was denied by the Sixth Circuit on November 15, 2005.  Defendant's judgment of conviction became final on February 15, 2006, when the 90-day period for her to appeal the Sixth Circuit decision to the United States Supreme Court lapsed.  *See United States v Sanchez-Castellano*, 358 F.3d 424,

426 (6th Cir. 2004)("When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed."). Because Defendant did not file this motion until August 17, 2007, over 18 months after the judgment of conviction became final, it is time-barred.

The second basis for denying Defendant's motion is that there is no evidence a mitigating role adjustment was warranted. Whether to grant a reduction for a defendant's role in the offense and the extent of a reduction "is heavily dependent upon the facts of the particular case." U.S.S.G. §3B1.2, App. Note 3(C). The greatest reduction for "minimal" participation (4 points) is reserved for those "who are plainly among the least culpable of those involved in the conduct of a group." *Id* at App. Note 4. "[T]he defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." *Id*. "Minimal" reductions should be granted infrequently. *Id*. A "minor" participant, who is entitled to a 2-point reduction, is one who is less culpable than most other participants, but whose role could not be described as minimal. *Id* at App. Note 5. When a defendant falls between the two categories, a reduction of 3 points may be granted. "[T]he defendant has the burden of proving mitigating factors by a preponderance of the evidence." *United States v Lloyd*, 10 F.3d 1197, 1120 (6th Cir. 1993).

Defendant contends she was entitled to a 3-point reduction. However, she offers no evidence (or even argument) to support the assertion. In fact, it was established in

3

the Presentence Investigation Report ("PSIR") that "numerous cooperating witnesses . . . identified [Defendant] as a large scale distributor of both crack and powder cocaine." PSIR at ¶20. This finding was corroborated by two co-conspirators who testified at Defendant's sentencing evidentiary hearing.

Defendant's Motion for Correction to Sentence is **DENIED**.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 28, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se defendant by electronic means or U.S. Mail on March 28, 2008.

s/Carol A. Pinegar
Deputy Clerk

4